UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FERMER PRECISION, INC.,
a New York corporation,                                    Case No.
                                                           Hon.

       Plaintiff,

v.

MAGNA POWERTRAIN OF AMERICA, INC.,
a Delaware corporation,

       Defendant.

---

## COMPLAINT

Plaintiff Fermer Precision, Inc. ("Fermer" or "Plaintiff"), through its attorneys, Plunkett Cooney, and for its Complaint against Defendant Magna Powertrain of America, Inc. ("MPT" or "Defendant"), states as follows:

### THE PARTIES, JURISDICTION, AND VENUE

1.      Fermer is a New York corporation with its principal place of business located at 114 Johnson Road, Ilion, New York 13357.

2.      MPT is a Delaware corporation with its principal place of business located at 1870 Technology Drive, Troy, Michigan 48083 and its headquarters located at 1235 E. Big Beaver Road, Troy, Michigan 48083.

3.      Jurisdiction is proper in this Court under 28 U.S.C. § 1332(a) because this matter involves complete diversity of citizenship and the amount in controversy exceeds $75,000.

4.      Venue is appropriate in this district under 28 U.S.C. §1391 because Defendant resides in this district and/or a substantial part of the events or omissions giving rise to this action claims occurred in this district.

1

## FACTUAL BACKGROUND

5.      Fermer is a machining company that specializes in precision machining of castings, forgings, and CNC turnings for the automotive, pump, compressor, valve, and industrial sensor industries.

6.      MPT is a manufacturer of driveline and chassis control systems, transfer cases, axle drives, and steering systems.

7.      Prior to August 2017, a part known as "Part #M0009778 – Housing ASM" (the "Part") was being produced for MPT for its "45 RFE Housing" program for FCA by an entity known as Millennium.  At some point during this time, Millennium informed MPT that it intended to cease operations.  Accordingly, MPT endeavored to locate another supplier of the Part for the program.

8.      On August 23, 2017, Fermer was formally nominated by MPT to produce the Part.  *See* Nomination Letter, a copy of which is attached hereto as **Exhibit A**.  The existing, applicable tooling for the Part, including gauges, cutting tools, machining fixtures, and a leak testing unit, was to be transferred to Fermer, as agreed from Millennium.  *See id.*  Fermer was nominated to supply 100% of MPT's requirements for the life of the program.  *See id.*

9.      On August 29, 2017, MPT issued a purchase order for a one-time engineering charge to set up the production of the Part at Fermer.  *See* Purchase Order No. 4700017018, a copy of which is attached hereto as **Exhibit B**.  The Purchase Order notes that the Production Part Approval Process ("PPAP") is to be coordinated with Kristin Bell of MPT.  *See id.*

10.     On August 29, 2017, MPT issued a Scheduling Agreement for the production of the Parts.  *See* Scheduling Agreement No. 5700001582, Version 1, a copy of which is attached

hereto as **Exhibit C**.  The Parts were to be delivered to "MPT Muncie East," a division of MPT located in Muncie, Indiana.  *See id*.  The unit price for the Parts is $26.50.  *See id*.

11.     On October 6, 2017, Kristin Bell of MPT, on behalf of MPT, electronically signed Part Submission Warrant 2388, thereby documenting MPT's express approval of Fermer's compliance to (a) dimensional measurements, (b) material and functional tests, and (c) the meeting of all design record requirements.  *See* Part Submission Warrant 2388, a copy of which is attached hereto as **Exhibit D**.  This Warrant reflects a Level 3 submission requiring Fermer to provide product samples and complete supporting data.  Fermer supplied a control plan and process failure mode effects analysis (pfmea) with the PPAP submittal.

12.     The above submission reflected all dimensional specifications as provided to Fermer at the time it inherited the process, at the request of MPT, when Millennium ceased operations.  Such specifications neither identified the pre-bushing bore diameter nor the post-installation bushing inside diameter as critical dimensions.

13.     After PPAP approval, Fermer produced the Parts for MPT and issued invoices to MPT for the Parts produced.

14.     In addition to the production of the Parts for MPT, Fermer produces other parts for MPT.  These parts are covered by other purchase orders and/or scheduling agreements.

15.     MPT generally pays Fermer by check.  Each check generally pays for obligations reflected in multiple invoices.  Furthermore, the invoices paid by each check may relate to two or more parts.

16.     MPT has alleged that there is a warranty concern related to oil leaks in connection with the program.  MPT has alleged that the alleged oil leaks are due to oversize pre-press bushing ID in the Parts.  MPT has alleged that Fermer is responsible for the alleged oil leaks.

17.     Fermer, however, is not responsible or liable for any asserted oil leaks in connection with the program.

18.     Without limitation, Fermer is not responsible or liable for any asserted oil leaks in connection with the program based on the following: (i) Fermer inherited this project at the request of MPT when Millennium, the previous producer of the Part, ceased operations; (ii) Fermer was instructed by MPT to move the operation "as is"; (iii) MPT denied Fermer any opportunity to inspect the pre-bushing installation bore dimension; (iv) MPT approved Fermer's compliance to (a) dimensional measurements, (b) material and functional tests, and (c) the meeting of all design record requirements; (v) Fermer followed the existing process as provided; (vi) MPT's drawing specifications did not compel Fermer to inspect to dimension; and (vii) MPT did not provide Fermer with any bushing insertion force specification or any expressed or implied direction requiring Fermer to test for a specified force.

19.     MPT has asserted a claim against Fermer in the amount of $138,621.27 for "cost recovery" related to the asserted oil leaks.  Fermer vehemently disputes any liability for this alleged "cost recovery."  MPT has attempted to improperly set off this disputed claim for $138,621.27 against amounts totaling $137,463.54 owed to Fermer in undisputed invoices related to the Parts and other parts produced by Fermer for MPT.

20.     MPT has asserted another claim against Fermer in the amount of $36,194.92 for "cost recovery" related to the asserted oil leaks.  Fermer vehemently disputes any liability for this alleged "cost recovery."  MPT has indicated that it intends to set off this disputed claim against amounts owed, or to be owed, to Fermer, which would be improper.

21.     MPT has asserted another claim against Fermer in the amount of $57,397.72 for "cost recovery" related to the asserted oil leaks.  Fermer vehemently disputes any liability for

4

this alleged "cost recovery."  MPT has indicated that it intends to set off this disputed claim against amounts owed, or to be owed, to Fermer, which would be improper.

22.     In addition, as of the date of the filing of this Complaint, MPT owes Fermer an additional $92,421.40 on account of debts that are past due, which are comprised of the following: (1) $31,891.80 as reflected in Invoice No. 00010132; (2) $6,516.00 as reflected in Invoice No. 00012936; (3) $2,004.00 as reflected in Invoice No. 00013037; (4) $3,539.60 as reflect in Invoice No. 00013388; (5) $5,544.00 as reflect in Invoice No. 00013540; (6) $3,234.00 as reflected in Invoice No. 00013541; (7) $11,136.00 as reflect in Invoice No. 00013591; (8) $8,568.00 as reflected in Invoice No. 00013592; (9) $11,924.00 as reflected in Invoice No. 00013650; and (10) $8,064.00 as reflected in Invoice No. 00013651.

## COUNT I – DECLARATORY JUDGMENT

23.     Plaintiff incorporates the allegations set forth above by reference with the same force and effect as if fully repeated.

24.     There is an actual controversy between the parties regarding MPT's assertion that Fermer is liable for the asserted oil leaks.

25.     This Court has the power pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 to issue a judgment declaring the respective rights, duties and obligations of the parties.

26.     MPT has alleged that there is a warranty concern related to oil leaks in connection with the program.  MPT has alleged that the alleged oil leaks are due to oversize pre-press bushing ID in the Parts.  MPT has alleged that Fermer is responsible for the alleged oil leaks.

27.     Fermer is not responsible or liable for any such alleged oil leaks.

28.     MPT has asserted a claim against Fermer in the amount of $138,621.27 for "cost recovery" related to the asserted oil leaks.  MPT has attempted to improperly set off this disputed

5

claim for $138,621.27 against amounts totaling $137,463.54 owed to Fermer in undisputed invoices related to the Parts and other parts produced by Fermer for MPT.

29.     MPT has asserted another claim against Fermer in the amount of $36,194.92 for "cost recovery" related to the asserted oil leaks.  MPT has indicated that it intends to set off this disputed claim against amounts owed, or to be owed, to Fermer, which would be improper.

30.     MPT has asserted another claim against Fermer in the amount of $57,397.72 for "cost recovery" related to the asserted oil leaks.  MPT has indicated that it intends to set off this disputed claim against amounts owed, or to be owed, to Fermer, which would be improper.

31.     WHEREFORE, Fermer requests that this honorable Court enter a declaratory judgment stating that (i) Fermer is not responsible for any oil leaks in connection with the program; (ii) Fermer is not responsible for any "cost recoveries" in connection with any such oil leaks; and (iii) any and all attempts by MPT to set off any "cost recoveries" related to any such oil leaks against amounts owed by MPT to Fermer, including, but not limited to, MPT's attempt to set off the amount of $138,621.27 for "cost recovery" related to the asserted oil leaks against amounts totaling $137,463.54 owed to Fermer in undisputed invoices related to the Parts and other parts produced by Fermer for MPT, are void *ab initio* and of no legal effect.

## COUNT II – SPECIFIC PERFORMANCE

32.     Plaintiffs incorporate the allegations set forth above by reference with the same force and effect as if fully repeated.

33.     MPT has improperly attempted to set off the amount of $138,621.27 for "cost recovery" related to the asserted oil leaks against amounts totaling $137,463.54 owed to Fermer in undisputed invoices related to the Parts and other parts produced by Fermer for MPT.

6

34.     MPT has asserted another claim against Fermer in the amount of $36,194.92 for "cost recovery" related to the asserted oil leaks.  MPT has indicated that it intends to set off this disputed claim against amounts owed, or to be owed, to Fermer, which would be improper.

35.     MPT has asserted another claim against Fermer in the amount of $57,397.72 for "cost recovery" related to the asserted oil leaks.  MPT has indicated that it intends to set off this disputed claim against amounts owed, or to be owed, to Fermer, which would be improper.

36.     In addition, as of the date of the filing of this Complaint, MPT owes Fermer an additional $92,421.40 on account of debts that are past due.

37.     WHEREFORE, Fermer requests that is honorable Court enter a judgment that (i) orders specific performance of Scheduling Agreement No. 5700001582, Version 1, and all other purchase orders and scheduling agreements governing the production of parts by Fermer for MPT pursuant to which MPT has failed to timely pay for parts produced, by ordering MPT to pay Fermer the sum of $229,884.94 (*i.e.*, $137,463.54 plus $92,421.40); and (ii) enjoins MPT from setting off any "cost recoveries" related to any oil leaks against any amounts owed by MPT to Fermer.

## COUNT III – BREACH OF CONTRACT

38.     Plaintiffs incorporate the allegations set forth above by reference with the same force and effect as if fully repeated.

39.     MPT's failure to pay the invoices totaling $137,463.54 that it attempted to set off against the purported "cost recovery" in the amount of $138,621.21 and the other invoices totaling $92,421.40 described above constitutes a breach of Scheduling Agreement No. 5700001582, Version 1, and all other purchase orders and scheduling agreements governing the

production of parts by Fermer for MPT pursuant to which MPT has failed to timely pay for parts produced.

40.     WHEREFORE, Fermer requests that this honorable Court enter a judgment in its favor and against MPT for $229,884.94 (*i.e.*, the sum of $137,463.54 and $92,421.40).

WHEREFORE, Plaintiff respectfully requests that this honorable Court enter a judgment encompassing the relief requested above, together with costs, interest and attorney fees, and such other relief to which it is entitled.

Respectfully Submitted,

By: /s/ Patrick C. Lannen
**PLUNKETT COONEY**
PATRICK C. LANNEN (P73031)
JOHN R. STEVENSON (P70241)
*Attorneys for Plaintiff*
38505 Woodward Ave., Suite 100
Bloomfield Hills, MI 48304
(248) 901-4027
(248) 433-2311
plannen@plunkettcooney.com
jstevenson@plunkettcooney.com

Dated: October 5, 2021